UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ELIAS MELERO GARCIA,

Petitioner,

v.

UNITED STATES OF AMERICA (I.N.S.),

Respondent .

Civil No. 01-2162 (PAM/AJB)

**ORDER**

Petitioner, an inmate at the Minnesota Correctional Facility in Faribault, Minnesota, commenced this action on November 29, 2001, by filing a self-styled pleading entitled "Petition For Deportation Hearing." (Docket No. 1.) Petitioner apparently is seeking release from custody, and his pleading was accompanied by the $5 filing fee that is required for habeas corpus actions, (see 28 U.S.C. § 1914(a)), so the Clerk of Court has treated Petitioner's pleading as a habeas corpus petition, and filed it as such.

However, contrary to the requirements of Rule 2(c) of The Rules Governing Section 2254 Cases in the United States District Courts, and Local Rule 9.3, Petitioner has not submitted his petition on the form prescribed for use in this District.[1] As a result, the Court is unable to readily identify each individual ground for relief that Petitioner is attempting to advance, or the factual and legal bases for each such ground. Petitioner has also failed to provide sufficient information about the background of his case.

Because Petitioner has not met the requirements of the applicable Rules, his petition will be returned to him pursuant to Rule 2(e) of the Rules Governing Section 2254

[1] Although the Rules Governing Section 2254 Cases are normally applied to collateral challenges to state criminal convictions brought under 28 U.S.C. § 2254, those rules are properly applicable here as well. See Rule 1(b).

DEC 03 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Cases in the United States District Courts. The Clerk will be directed to provide Petitioner with a copy of the prescribed form for habeas corpus petitions filed under 28 U.S.C. § 2241, and Petitioner will be granted an opportunity to file an Amended Petition on that form. Each individual claim for relief that he seeks to present in his Amended Petition must be clearly identified as a separate ground for relief on the petition form.[2] The Amended Petition must also include (i) a detailed explanation of the historical background of Petitioner's case, and (ii) a clear and concise description of the relief that Petitioner is seeking.

If Petitioner fails to submit an Amended Petition by January 4, 2002, it will be recommended that this action be dismissed without prejudice for failure to prosecute.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Pursuant to Rule 2(e) of The Rules Governing Section 2254 Cases in the United States District Courts, the Clerk of Court shall return the original pleading in this matter, (Docket No. 1), to Petitioner, together with a blank copy of the habeas corpus petition form that is to be used in this District for actions brought under 28 U.S.C. § 2241.

2. The Clerk shall retain a copy of Petitioner's original pleading in the Court file, as required by Rule 2(e).

3. Petitioner shall have until January 4, 2002, to file an entirely new petition to be captioned "AMENDED PETITION," which shall be submitted on the proper form and

---

[2] Petitioner may file a memorandum in support of his Amended Petition, (if he chooses to amend), but any such memorandum should only explain the claims that are specifically listed in the Amended Petition itself. Any claim for relief appearing only in a memorandum, and not listed in the Amended Petition itself, will not be considered.

shall set forth, accurately and completely, all of the information that is required by that form and by this Order.

4. If Petitioner fails to comply with the requirements of this Order within the time allowed, it will be recommended that this action be summarily dismissed without prejudice, pursuant to Fed. R. Civ. P. 41(b).

Dated: December 3rd, 2001

ARTHUR J. BOYLAN
United States Magistrate Judge