**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

ELIAS MELERO GARCIA, Civil No. 01-2162 (PAM/AJB)

Petitioner,

v. **REPORT AND RECOMMENDATION**

UNITED STATES OF AMERICA (I.N.S.),

Respondent.

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Docket No. 3]. The action has been referred to the Magistrate Judge for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c).

Petitioner is currently a prisoner at the Minnesota Correctional Facility in Faribault, Minnesota. This action was commenced as a challenge to an INS detainer and petitioner's imminent deportation upon release from prison. It is the recommendation of the Magistrate Judge that this matter be dismissed for lack of jurisdiction to issue a writ of habeas corpus where petitioner is not in custody of the respondent INS and a removal decision is not reviewable by the District Court under the circumstances in this case.

**Background and Claims**

Petitioner Elias Melero Garcia is citizen of Mexico.[1] He entered the United States

[1] Response in Opposition to Petition for Writ of Habeas Corpus, Exh. A and C. [Docket No 9].



MAY 0 8 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

as an immigrant at El Paso, Texas, on January 18, 1969. He is presently 53 years of age. In February 1979, petitioner was sentenced in McLeod County, Minnesota, pursuant to plea of guilty to criminal sexual conduct in the fourth degree.[2] He received a stay of imposition of sentence and was required to serve three months in the McLeod County Jail. In August 1979, again in McLeod County, Mr. Garcia pleaded guilty to a charge of false imprisonment. He was given a stay of execution on a 0–3 year sentence in October 1979, and was ordered to serve a year in the county jail.[3] Finally, on March 3, 1997, petitioner entered guilty pleas in Blue Earth County, Mankato, Minnesota, on two counts of controlled substance crime in the first degree,[4] and on April 18, 1997, he was sentenced to concurrent terms of 110 months and 129 months.[5] Petitioner is currently incarcerated at the Minnesota Correctional Facility in Faribault, Minnesota, on the controlled substance offenses.

Respondent INS initiated removal proceedings against petitioner by serving a Notice to Appear dated October 3, 1997, therein ordering the petitioner to appear before a United States Department of Justice immigration judge at a time, date and location to be determined.[6] The Notice to Appear advised the petitioner that he was subject to removal from the United States as a result of his conviction for an aggravated felony, pursuant to 8 U.S.C. §

---

[2] Response in Opposition to Petition for Writ of Habeas Corpus, Exh. D, Bates stamp page No. 59.

[3] Id., Bates stamp page No. 57.

[4] Id., Bates stamp page Nos. 22-26.

[5] Id., Bates stamp page No. 42.

[6] Id., Exh. C.

1127(a)(2)(A)(iii).[7] An Immigration Detainer–Notice of Action was lodged at MCF–Faribault on November 17, 1997. The notice advised prison officials that an investigation regarding deportation of the inmate had been initiated and further requested that the institution accept the notice as a detainer and give the immigration office at least 30-days notice of the time of the subject's release.[8] The detainer request stated that "[t]his [request] is for notification purposes only and does not limit your discretion in any decision affecting the offender's classification, work and quarters assignments or other treatment which he would otherwise receive."

An Immigration Court hearing took place on November 30, 1998.[9] At that time the petitioner conversed with the court in English and acknowledged that he understood what was happening that day.[10] The matter was continued to allow petitioner an opportunity to confer with an attorney and the hearing recommenced on March 8, 1999. Mr. Garcia was represented by counsel at that time.[11] The hearing proceeded with respect to a single charge that the petitioner was removable based upon his conviction for an aggravated felony. A second charge was withdrawn.[12] The judge determined that the charge was established based upon petitioner's admitted criminal conviction and there was no relief for which petitioner was eligible.[13]

---

[7] Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act.

[8] Response in Opposition to Petition for Writ of Habeas Corpus, Exh. B.

[9] Id., Exh. E.

[10] Id., Bates stamp page No. 72.

[11] Id., Bates stamp page No. 74 and Exh. F.

[12] Id., Bates stamp page Nos. 77-78.

[13] Id., Exh. E, Bates stamp page No. 79-81.

Removal to Mexico was ordered.[14] Mr. Garcia was advised of his right to appeal the decision within 30 days and the right to appeal was reserved.[15] Petitioner timely served a Notice of Appeal on the Board of Immigration Appeals by mailed notice dated March 25, 1999.[16] The appeal was dismissed with explanation by Decision and Order of the Board of Immigration Appeals dated August 6, 1999.[17]

Petitioner now seeks relief from the INS decision, alleging that he should not be deported because he has lived in the United States for past 33 years; his children and grandchildren were born in the United States; the Immigration Act of 1996 is unconstitutional; the Immigration Act of 1996 does not apply to persons born on this continent; and he has served in both the United States and Mexican armies. Meanwhile, respondent asserts that this Court lacks jurisdiction to issue a writ with respect to the detainer because the prisoner is not in INS custody, and that the courts of appeals have exclusive jurisdiction with respect to the issue of petitioner's removability based upon conviction for an aggravated felony.

**Discussion**

**Detainer.** The fundamental purpose of the writ of habeas corpus is to provide a means for relief from unlawful custody or imprisonment. Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988). Typically, jurisdiction to grant habeas corpus relief will not exist if the petitioner is not in the custody of the authority against whom the writ is requested. Id. (citing 28

---

[14] Response in Opposition to Petition for Writ of Habeas Corpus, Exh. G.

[15] Id., Bates stamp page No. 82.

[16] Id., Exh. H.

[17] Id., Exh. J, Bates stamp page Nos.94-95.

U.S.C. § 2241(c)). Petitioner in the instant action is currently in the custody of the Minnesota Commissioner of Corrections as the result of a felony conviction. He brings the current petition in opposition to an INS detainer, and ultimately, as a challenge to his eventual deportation. The detainer document does not alter a prisoner's status as a custodial detainee of the Minnesota Department of Corrections, and does not effectively place the prisoner in the custody of the immigration service, under circumstances in which the INS has merely filed the detainer. Campillo v. Sullivan, 853 F.2d at 595. Therefore, habeas corpus does not provide an avenue for a prisoner challenge to the INS detainer until the prisoner is released from his present term of confinement and is placed in custody of the INS. Id. The detainer itself simply does not transform a sentenced prisoner into a person in the custody of the INS for habeas corpus purposes. Id.

**Deportation.** Petitioner's explicit request for relief under 28 U.S.C. § 2241 asks "[t]hat the Judgement of Conviction and Deportation of the United States of America, Immigration and Naturalization Service be vacated, and the Detainer now in place be lifted." He further requests "[t]hat the United States of America Allow me to be a Citizen of this country."[18] The initial question is whether the District Court has jurisdiction under Section 2241 to consider the petition in this case. I.N.S. v. St. Cyr, __ U.S. __, 121 S.Ct. 2271, 2278 (2001). In this regard, the United States Code at 8 U.S.C. §1252(a)(2)(C) provides that "no court shall have jurisdiction to review any final order against an alien who is removable by reason of having committed a criminal offense covered in section . . . 1227(a)(2)(A)(iii) . . . of this title." Vasques-Velezmoro v. U.S. I.N.S., 281 F.3d. 693, 695 (8th Cir. 2002). Meanwhile, in St. Cyr

[18] Amended Petition, Part IV.

the Supreme Court held that the jurisdictional limitations contained in 8 U.S.C.§ 1252 could not be interpreted to bar petitions brought under the general habeas corpus statute at 28 U.S.C. § 2241 where such preclusion would offend the Suspension Clause[19] of the United States Constitution. Article I, § 9, cl. 2, St. Cyr, 121 S.Ct. at 2279 (citing Heikkila v. Barber, 345 U.S. 229, 235, 73 S.Ct. 603 (1953). However, it is critical to note that the absence of another judicial forum in which to present the claims at hand weighed significantly against a statutory construction of pertinent provisions of 8 U.S.C. § 1252 that would bar jurisdiction under Section 2241. Id. at 2287. Consequently, the availability of judicial review of the claims through avenues other that Section 2241 would permit a construction of Section 1252(a)(2)(C) barring this Court's exercise of jurisdiction under the habeas corpus statute. In this case such judicial review was available to the petitioner and the jurisdictional limitation at 8 U.S.C. §1252(a)(2)(C) is therefore effective.

Pursuant to 8 U.S.C. §1252(a)(1) the courts of appeals are vested with the authority to review petitions which challenge final orders commanding the removal of aliens from the United States. Calcano-Martinez v. I.N.S., 121 S.Ct. 226, 2269 (2001). Although Section 1252(a)(2)(C) expressly bars the courts of appeals from exercising jurisdiction to review a final removal order against an alien who is removable as a result of a conviction for an aggravated felony, Id. at 2270, the courts of appeals retain jurisdiction to consider preliminary jurisdictional issues, Vasques-Velezmoro v. U.S. I.N.S., 281 F.3d. at 695, including whether a

---

[19] "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." United States Constitution. Article I, § 9, cl. 2. Because of that Clause, some "judicial intervention in deportation cases" is unquestionably "required by the Constitution." Heikkila v. Barber, 345 U.S. 229, 235, 73 S.Ct. 603 (1953). I.N.S. v St. Cyr, 121 S.Ct. 2271, 2279 (2001).

petitioner is removable because of his conviction. Id. at 696-67. Therefore, direct judicial review is available for purposes of attacking the underlying basis for the final order of removal, e.g. whether petitioner is an alien and whether the criminal conviction is in fact an aggravated felony which triggers the jurisdictional bar of Section 1252(a)(2)(C). Lara-Ruiz v. I.N.S., 241 F.3d 934, 939 (7th Cir 2001). Furthermore, the courts of appeal retains jurisdiction to consider substantial constitutional challenges to the Immigration and Nationality Act. Vasques-Velezmoro, 281 F.3d. at 696 (citing Lara-Ruiz v. I.N.S., 241 F.3d 934, 939 (7th Cir 2001).

The petitioner's claims in this matter relate directly to issues of deportability. It is his contention that he should not be removed because he has lived in the United States for 33 years, his children and grandchildren were born in the United States, the Immigration Act of 1996 is unconstitutional, immigration laws do not apply to persons born on this continent, and he registered to serve in the United States military. In contrast, the petition in this matter cannot be construed as a collateral attack upon his deportation which might be manifested as an protest against the proposed method of executing the removal order[20] or as a challenge to I.N.S.'s failure to provide discretionary relief from the removal order, thereby permitting habeas corpus review under Section 2241. I.N.S. v. St. Cyr., 121 S.Ct. 2271. Under these circumstances petitioner was not statutorily denied an opportunity for judicial review of his removal order and a Section 2241

---

[20] In Jama v. I.N.S., 2002 WL 507046 (D. Minn. 2002), Minnesota District Court Judge John R. Tunheim determined that pursuant to I.N.S. v. St. Cyr., 121 S.Ct. 2271 (2001), the district court had jurisdiction under 28 U.S.C. § 2241 to review a petition challenging the manner of execution of a removal order, despite the broad jurisdictional bar of 8 U.S.C. § 1252(g). The petitioner did not dispute the basis for removal, i.e. felony conviction, but argued that physical removal to Somalia was improper in the absence of a proper governmental authority to accept him. Unlike Mr. Jama, the petitioner in the instant case could have obtained at least preliminary jurisdictional review in the court of appeals had he filed a petition for review within 30 days of completion of the administrative proceedings. 8 U.S.C. §1252(b)(1).

habeas petition in district court was not an exclusive means for seeking relief from the I.N.S. decision.[21]

---

[21] With respect to the substance of the claims asserted in the amended petition in this matter, petitioner presents no argument or authority to support a conclusion that the explicit determinations by the Board of Immigration Appeals (BIA) were in error. Specifically, the BIA concluded that even though Mr. Garcia had been in the United States for many years, he was still an alien subject to removal; though petitioner had children and grandchildren who were born in the United States, he was not thereby exempted from immigration laws; there is no merit to the contention that immigration laws do not apply to persons born on this continent; and there is no evidence to support any factual contention that petitioner actually served in the United States army. (Response in Opposition to Petition for Writ of Habeas Corpus, Exh. J).

To the extent that the petitioner asserts claims of a constitutional nature, he offers no cogent explanation regarding a claim that he was stripped of his legal rights to be in the United States without due process. Furthermore, petitioner's contentions that he was denied effective legal counsel because he was not informed of the process of law, was not advised of the consequences of the proceedings, and was not advised of his right to discovery, are mere conclusory statements, unsupported by fact or argument and contrary to the record before the Court. (Response in Opposition to Petition for Writ of Habeas Corpus, Transcript of Hearing on Removal, Exh. E). In any event, the court of appeals has jurisdiction to consider substantial challenges to deportability on constitutional grounds, Lara-Ruiz v. I.N.S., 241 F.3d 934, 939 (7th Cir 2001), and this Court therefore lacks jurisdiction to consider the constitutional issues via a Section 2241 habeas petition.

Finally, the amended petition contains a "residual clause" which essentially raises constitutional claims relating to the underlying conviction which led to the removal order. The clause alleges "such other grounds relating to the Constitution . . . which appear from the record and proceedings herein, and such grounds that the court may decide to have litigated even though not specifically raised by the petitioner, such as: [m]y right to not to be [c]onvicted on evidence insufficient as a matter of law to sustain a guilty verdict; [m]y right not to have evidence illegally seized; [m]y right not to have statements obtained from me in violation of my right to counsel or my right not to incriminate myself or other legal right; [m]y right to be charged by proper complaint, information or indictment; my right to be confronted by my accusers; [m]y right not to be required to give evidence incriminating myself; [m]y right to due process of law including discovery; [m]y right to disclosure of favorable evidence; [m]y right to counsel and to the effective aid and representation of counsel." (Amended Petition, para. VII, page 4). Such constitutional claims would seem to be immaterial for immigration purposes in light of 8 U.S.C. § 1101(a)(48) which provides that "[t]he term 'conviction' means, with respect to an alien, a formal judgment of guilt of the alien entered by a court." See Vasques-Velezmoro v. U.S. I.N.S., 281 F.3d. 693, 696 (8th Cir. 2002). More directly, however, constitutional issues relating to petitioner's conviction clearly could have been raised on direct appeal or in judicial proceedings under 28 U.S.C. § 2254, and to the extent that those issues relate to deportation, this Court lacks jurisdiction to consider the matters pursuant to 8 U.S.C. § 1252(a)(2)(C).

## CONCLUSION

The Court lacks jurisdiction to consider petitioner Elias Melero Garcia's request for relief from a detainer submitted to the Minnesota Correctional Facility at Faribault where petitioner is not presently in I.N.S. custody. The District Court further lacks jurisdiction to review this habeas petition under 28 U.S.C. § 2241 under circumstances whereby petitioner might have obtained judicial review of claims relating to removal in the court of appeals.

## RECOMMENDATION

Based upon the foregoing discussion, along with the petition, exhibits, and the arguments of petitioner and counsel, **IT IS HEREBY RECOMMENDED** that the petitioner's amended application for habeas corpus relief pursuant to 28 U.S.C. § 2241 be **dismissed** with prejudice. [Docket No. 3]

Dated: May 7, 2002

Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. Written objections shall be filed with the Clerk of Court and served upon opposing parties before May 20, 2002. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.