UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Elias Melero Garcia,

Civ. File No. 02-2162 (PAM/AJB)

Petitioner,

v.

**ORDER**

United States of America (I.N.S.),

Respondent.

---

This matter is before the Court on the Report and Recommendation of Magistrate Judge Arthur J. Boylan dated May 7, 2002. Magistrate Judge Boylan considered the Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. In that Petition, Petitioner, who is currently confined to the Minnesota Correctional Facility at Faribault and is also subject to an INS detainer, challenges the legality of the detainer. Magistrate Judge Boylan determined that the District Court lacks jurisdiction to consider Petitioner's request for relief. Magistrate Judge Boylan further determined that the District Court lacks jurisdiction to review the Petition under § 2241 because Petitioner could have obtained judicial review of claims relating to removal in the court of appeals. Petitioner filed timely Objections to the Report and Recommendation.

The Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Local Rule 72.1(c)(2). As the statute requires, the Court has conducted a de novo review of

FILED JUN 21 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD JUN 21 2002
DEPUTY CLERK

the record regarding Magistrate Judge Boylan's Report and Recommendation. See 28 U.S.C. § 636(b)(1); Local Rule 72.1(c).

Petitioner contends that the Court does have jurisdiction over this case because the INS intends to take custody of him when his State sentence is complete. According to Petitioner, because he has submitted affidavits of friends and family who attest to his suitability to remain in the United States as a productive member of society, the District Court should remove the INS detainer. The Court disagrees.

Under 28 U.S.C. § 2241(c), jurisdiction to grant habeas corpus relief will normally only exist if the petitioner is in the custody of the authority against whom the writ is requested, in this case, the INS. Petitioner is not in the custody of the INS. He is being held by the Minnesota Commissioner of Corrections, and thus this Court does not have jurisdiction to hear his Petition for a Writ of Habeas Corpus.

Based on the Report and Recommendation of the Magistrate Judge, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner's Amended Petition for a Writ of Habeas Corpus is **DENIED.**

Dated: June 20, 2002

Paul A. Magnuson
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995